1  SARAH E. ROSS, Bar No. 252206
   sross@littler.com
2  ALEXANDRA BERNSTEIN, Bar No. 327492
   abernstein@littler.com
3  LITTLER MENDELSON, P.C.
   2049 Century Park East
4  5th Floor
   Los Angeles, California  90067.3107
5  Telephone:   310.553.0308
   Fax No.:     310.553.5583
6
7  Attorneys for Defendant
   THE GOODYEAR TIRE AND RUBBER COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FRANCO, individually, on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>THE GOODYEAR TIRE AND RUBBER COMPANY, an Ohio corporation and Does 1-5,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint filed: January 18, 2022 (Originally filed in Santa Clara County Superior Court) |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant THE GOODYEAR TIRE & RUBBER COMPANY ("Defendant" or "Goodyear") hereby removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Santa Clara, to the United States District Court, Northern District of California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds[1]:

## I. JURISDICTION AND VENUE ARE PROPER

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

2. This action was filed in the Superior Court for the State of California, County of Santa Clara. Venue properly lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 84(a), 1391, 1441, and 1446.

## II. STATUS OF THE PLEADINGS

3. On January 18, 2022, Plaintiff Luis Franco ("Plaintiff") commenced this action by filing a complaint in the Superior Court of California, County of Santa Clara entitled *Luis Franco, individually, on behalf of himself and all other similarly situated employees v. The Goodyear Tire & Rubber Company, an Ohio corporation, and Does 1 to 50*, designated as Case No. 22CV393403

---

[1] "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014), *quoting* 28 U.S.C. §1446(a). "A statement 'short and plain' need not contain evidentiary submissions." *See id.* at 547.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1    DEFENDANT'S NOTICE OF REMOVAL

1  ("Complaint"). The Complaint alleges six causes of action: (1) Failure to Pay Proper Premiums for
2  Non-Compliant Meal and Rest Periods in Violation of California Labor Code §§ 512 and 226.7 and
3  IWC Wage Order; (2) Failure to Provide Rest Periods in Violation of California Labor Code § 226.7
4  and IWC Wage Order; (3) Failure to Provide Accurate Itemized Wage Statements in Violation of
5  California Labor Code § 226 and IWC Wage Order; (4) Failure to Pay Earned Wages Upon Separation
6  in Violation of California Labor Code §§ 201-203; (5) Unlawful, Unfair and Fraudulent Business
7  Practices (Cal. Bus. & Prof. Code §§ 17200 et. seq.); and (6) Civil Penalties Pursuant to Labor Code
8  Private Attorneys General Act of 2004 (Cal. Lab. Code §§2698 *et seq* or "PAGA"). (*See* Declaration
9  of Sarah E. Ross in Support of Defendant's Notice to Federal Court of Removal ("Ross Decl.") ¶ 2,
10 Exhibit ("Exh.") A.).

11      4.      On January 19, 2022, Plaintiff filed a Proof of Service of Order Deeming Case
12 Complex and Staying Discovery and Responsive Pleading Deadline. (Ross Decl., ¶ 3, Exh. B.)

13      5.      On January 31, 2022, Plaintiff served Defendant with the Complaint, along with copies
14 of the Summons, Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution (ADR)
15 Information Package, and Order Deeming Case Complex and Staying Discovery and Responsive
16 Pleading Deadline, through Defendant's agent for service of process. (Ross Decl., ¶ 4, Exh. C.)

17      6.      On February 2, 2022, Plaintiff filed a Proof of Service of Summons and Complaint.
18 (Ross Decl., ¶ 5, Exh. D.)

19      7.      On March 1, 2022, Goodyear filed its state court answer to Plaintiff's Complaint. (Ross
20 Decl., ¶ 6, Exh. E.)

21      8.      To Defendant's knowledge, the documents attached to the Declaration of Sarah E. Ross
22 constitute all process, pleadings, and orders served upon Defendant or filed in the State Court action
23 by Defendant. (Ross Decl., ¶ 7.)

24 **III.   TIMELINESS OF REMOVAL AND NOTICE**

25      9.      An action may be removed from state court by filing a notice of removal, together with
26 a copy of all process, pleadings, and orders served on the Defendant within 30 days of service on
27 defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe*
28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2    DEFENDANT'S NOTICE OF REMOVAL

1  *Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the
2  summons and complaint).

3      10.    Plaintiff served Defendant on January 31, 2022. Thirty days from January 31, 2022 is
4  March 2, 2022. This Notice of Removal is timely filed. 28 U.S.C. § 1446(b).[2]

5  **IV.    CAFA JURISDICTION**

6      11.    CAFA grants United States district courts original jurisdiction over: (a) civil class
7  action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100
8  individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any
9  defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest
10 and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28
11 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely
12 and properly removed by the filing of this Notice of Removal.

13     **A.    Plaintiff Filed a Class Action Under State Law**

14     12.    Plaintiff filed his action as a class action based on alleged violations of California state
15 law. (Complaint, ¶¶ 1-2.)

16     **B.    The Proposed Class Contains At Least 100 Members**

17     13.    Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any
18 class action where "the number of members of all proposed plaintiff classes in the aggregate is less
19 than 100."

20     14.    Plaintiff filed this action on behalf of a class (and five sub-classes) of current and
21 former hourly non-exempt employees of Defendant who were employed by Defendant from January
22 18, 2018 through the present. (Complaint, ¶¶ 29-30.)

23     15.    Based on a review of Defendant's records, Defendant employed at least 1,796 non-
24 exempt employees since January 18, 2018. (Declaration of Susan K. Buckley ("Buckley Decl."), ¶ 5.)
25 Accordingly, Defendant's internal records demonstrate that there are well over 100 putative class
26 members in this matter.

27

28 [2] Regardless, arguably, the 30-day deadline under 28 U.S.C. §1146(b)(1) does not apply to removals under CAFA. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 123, 125-126 (9th Cir. 2013).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3    DEFENDANT'S NOTICE OF REMOVAL

### C. Defendant Is Not a Governmental Entity

16. Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

17. Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA. (Buckley Decl., ¶ 2.)

### D. There Is Diversity Between At Least One Class Member and Defendant

18. "Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

19. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

20. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4   DEFENDANT'S NOTICE OF REMOVAL

21. At all relevant times, Plaintiff has been a resident of Santa Clara County, California. (Complaint, ¶ 10.) Defendant has established by a preponderance of the evidence that Plaintiff is domiciled in California, and is, thus, a citizen of California. *See id.*; *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at *7.

22. For purposes of 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State [] by which it has been incorporated and of the State [] where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

23. Defendant is a publicly traded corporation, and is incorporated under the laws of the State of Ohio, and is therefore, a citizen of Ohio. (Buckley Decl., ¶ 2.)

24. Defendant's principal place of business is in Ohio. (*Id.* at ¶ 3.) To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92–93. Defendant maintains its principal place of business in Ohio, where its executive and administrative offices are located, and where the majority of its executive and administrative functions are performed. (Buckley Decl., ¶ 3.) Defendant's principal place of business is where its officers direct, control and coordinate its activities. *See Hertz*, 559 U.S. at 92–93.

25. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

26. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant (Ohio), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5   DEFENDANT'S NOTICE OF REMOVAL

### E. The Amount In Controversy Exceeds $5,000,000[3]

27. This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

28. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

29. Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdiction minimum of $5,000,000. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [D]efendant's liability"); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. Cal. 2013) (a defendant "may remove when it discovers, based on its own investigation, that a case is removable.").

30. For purposes of determining whether a defendant has satisfied the amount in controversy requirement, the Court must presume that the plaintiff will prevail on their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)

---

[3] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6                DEFENDANT'S NOTICE OF REMOVAL

(citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). The ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

31.  Here, Plaintiff does not allege the amount in controversy in the Complaint, though he alleges "uniform unlawful practices" and "common policy and practice" by Defendant that purportedly deprived class members of wages. (Complaint, ¶¶ 2, 20, 45.) He further alleges Defendant allegedly, engaged in unlawful practices and policies against its employees. (Complaint, ¶¶ 83-84.)

32.  As discussed above, Plaintiff filed his Complaint on January 18, 2022, and he alleges claims for failure to pay proper premiums for non-compliant meal and rest periods, failure to provide rest periods, failure to provide accurate itemized wage statements, failure to pay earned wages upon separation, claims under the California Unfair Competition Law ("UCL"), and civil penalties pursuant to the Private Attorneys General Act ("PAGA"). (Complaint, ¶¶ 42-99.)

### 1. Amount in Controversy – Plaintiff's Claim for Failure to Provide Rest Breaks (Labor Code § 226.7)

33.  In his Second Cause of Action, Plaintiff alleges that Defendant failed to provide to Plaintiff and the class "with adequate and compliant rest periods as required by California law and failed to compensate Plaintiff and other similarly situated employees one additional hour of pay…." (Complaint, ¶ 56.) Plaintiff's cause of action for violation of the UCL extends the statute of limitations on Plaintiff's meal period and rest break causes of action to four years. (Complaint, ¶¶ 76-88; *see* Cal. Bus. & Prof. Code § 17208.)

34.  Based on a review of its records, Defendant employed at least 1,796 non-exempt employees since January 18, 2018; the average hourly rate of pay for non-exempt employees during

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7                    DEFENDANT'S NOTICE OF REMOVAL

1   this time period was approximately $17.84[4]; and each employee worked an average of 69 weeks. (Buckley Decl., ¶ 5.)

35.  Defendant denies the validity and merit of Plaintiff's rest break claim. For purposes of removal, only, based on Plaintiff's legal theory, and assuming two rest period violations per week, the amount in controversy for Plaintiff's rest break claim is approximately **$4,421,608.32** ($17.84 hourly rate * 2 missed rest breaks * 69 workweeks * 1,796 employees). *See Mortley v. Express Pipe & Supply Co.,* Case No. SACV 17–1938–JLS–JDE, 2018 WL 708115, at *4 (C.D. Cal. Feb. 5, 2018) (assumption of two missed rest periods per week reasonable based on allegations of a policy and practice of understaffing and "routine and systematic" violations); *Giannini v. Northwestern Mut. Life Ins. Co.,* Case No. C 12–77 CW, 2012 WL 1535196, at *3 (N.D. Cal. Apr. 30, 2012) (finding one hundred percent violation rate for rest period claim reasonable based on allegation that the putative class members "routinely" did not receive rest periods).

### 2.     Amount in Controversy – Plaintiff's Claim for Inaccurate Wage Statements (Labor Code § 226)

36.  In his Third Cause of Action, Plaintiff alleges that Defendant, "consistently failed to provide Plaintiff and Class Members with adequate pay statements as required by California Labor Code section 226," and thus failed to keep accurate payroll records. (Complaint, ¶¶ 64-65.)

37.  Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. CAL. LABOR CODE § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. CAL. CODE CIV. PROC. § 340.

38.  Defendant denies the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, based on a review of its records, Defendant has employed at least 835 non-exempt employees since January 18, 2021, for at least 22,290 pay periods. (Buckley Decl., ¶¶ 6-7.) Therefore, the average number of pay periods per employee is more than 26 pay periods (22,290 pay

---

[4] For purposes of this removal calculation, Defendant is using the average *hourly* rate. Utilizing the average *regular* rate would only increase this calculation.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8     DEFENDANT'S NOTICE OF REMOVAL

periods/835 employees), and the resulting average penalties per employee are $2,550 ([$50 * 1] + [$100 * 25]). Multiplying that number by the 835 employees at issue equals **$2,129,250.00**.

### 3. Amount in Controversy – Plaintiff's Waiting Time Penalties Claim (Labor Code § 203)

39. In his Fourth Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code sections 201-203. (Complaint, ¶¶ 68-75.) The statute of limitations for Plaintiff's Labor Code section 203 waiting time penalty claim is three years. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

40. The Labor Code's penalty for failure to pay wages at termination is up to 30 days' wages for each employee. CAL. LABOR CODE § 203(a).

41. For purposes of removal only, based on a review of its records, at least 770 employees have separated from Defendant's employment since January 18, 2019. (Buckley Decl., ¶ 8.) The average pay rate for employees who separated from Defendant since January 18, 2019 is $16.77. (*Id.*) Therefore, the amount in controversy for Plaintiff's waiting time penalties claim in his Fourth Cause of Action is approximately **$3,099,096.00** (770 employees * 8 hours * 30 days * $16.77 average rate of pay).

### 4. Amount in Controversy – Plaintiff's Claim for Attorneys' Fees

42. Finally, Plaintiff seeks attorneys' fees and costs in his Complaint. (Complaint, Prayer for Relief ¶ c.) Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

///

///

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

43. In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

44. The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

45. Based on the above, the amount in controversy for failure to provide rest breaks, failure to pay wages at termination, and wage statement penalties, which does not consider Plaintiff's claims for Defendant's purported failure to pay the proper rate for meal and rest break premiums and violation of the UCL, is conservatively **$9,649,954.32**. This subtotal exceeds $5,000,000 absent any inclusion of attorneys' fees. However, considering attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by $2,412,488.58, a total amount in controversy of **$12,062,422.90**.

F. **Amount in Controversy – Summary**

46. As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of action for failure to pay rest period premiums, failure to pay wages at time of termination, wage statement penalties, and attorneys' fees are well in excess of the CAFA

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10   DEFENDANT'S NOTICE OF REMOVAL

jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2). Notably, as discussed above, this estimate does not account for Plaintiff's claim in his First Cause of Action for failure to pay proper meal and rest break premiums, nor does it include any other damages, penalties, or restitution that Defendant may be ordered to pay pursuant to Plaintiff's UCL claim (Fifth Cause of Action). Figuring those claims into the equation further reinforces that the amount in controversy exceeds five million dollars.

47. Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

| Plaintiffs' Alleged Claim | Amount in Controversy Conservative Estimate |
|---|---|
| Failure to Provide Rest Periods | $4,421,608.32 |
| Waiting Time Penalties in Fourth Cause of Action | $3,099,096.00 |
| Inaccurate Wage Statements | $2,129,250.00 |
| Attorneys' Fees | $2,412,488.58 |
| **Amount in Controversy** | **$12,062,442.90** |

V. **NOTICE TO THE COURT AND PARTIES**

48. Contemporaneously with the filing of this notice of removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the notice of removal will be filed with the clerk of the court for the Superior Court of the County of Santa Clara. (Ross Decl., ¶ 8.)

WHERFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11   DEFENDANT'S NOTICE OF REMOVAL

Dated: March 2, 2022

_____
SARAH E. ROSS
ALEXANDRA BERNSTEIN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
THE GOODYEAR TIRE AND RUBBER COMPANY

4857-5254-5804.2 / 056530-1325

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12   DEFENDANT'S NOTICE OF REMOVAL